IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-03195-PAB

MOUAD EL AHRACH,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as warden of the Aurora Contract Detention Facility owned and operated by GEO Group, Inc.,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security,
GEORGE VALDEZ, in his official capacity as Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
TODD BLANCHE,[1] in his official capacity as Acting Attorney General, U.S. Department of Justice, and
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement (ICE),

     Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner's Verified Motion for Attorneys' Fees and Incorporated Memorandum of Law [Docket No. 20]. Respondents filed a response. Docket No. 23.

**I. BACKGROUND[2]**

On July 2, 2024, petitioner Mouad El Ahrach entered the United States at the southern border, seeking refuge from severe family abuse. Docket No. 1 at 8, ¶¶ 31-33, 35; Docket No. 14 at 2. Ms. El Ahrach is a 25-year-old transgender woman who is a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin, George Valdez, and Todd Blanche are automatically substituted as parties in this action.
[2] The following facts are undisputed unless otherwise noted.

citizen of Morocco.  Docket No. 1 at 5, ¶ 17; Docket No. 14 at 2.  Her family began habitually physically abusing her at the age of 13, due to their belief that she was gay.  Docket No. 1 at 8, ¶ 31.  Ms. El Ahrach fled Morocco after her brother attempted to murder her by attacking her with a knife.  *Id.*  On July 3, 2024, one day after entering the United States, Ms. El Ahrach was encountered by the United States Customs and Border Protection and was detained for entering the country without valid entry documents.  Docket No. 14 at 2-3.

The United States Citizenship and Immigration Services ("USCIS") sought Ms. El Ahrach's removal.  Docket No. 14 at 4.  Ms. El Ahrach applied for relief from removal.  *Id.* at 5.  On April 7, 2025, an immigration judge conducted a hearing and ordered Ms. El Ahrach removed from the United States to Morocco, but granted Ms. El Ahrach withholding of removal to Morocco under 8 U.S.C. § 1231(b)(3) because it was more likely than not that Ms. El Ahrach would face persecution in Morocco due to her sexual orientation and gender identity. [3]  Docket No. 1 at 8, ¶ 33.  After the April 7, 2025 hearing, Ms. El Ahrach's removal order became administratively final.  *Id.*, ¶ 34; Docket No. 14 at 4.  As they were unable to remove Ms. El Ahrach to Morocco, respondents began searching for a third country that was willing to accept petitioner.  Docket No. 14 at 4.

On October 10, 2025, Ms. El Ahrach filed a petitioner for a writ of habeas corpus.  Docket No. 1.  On November 19, 2025, the Court granted her habeas petition, finding

---

[3] When a noncitizen is granted withholding relief, she may not be removed to the country designated in the removal order.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 531 (2021).  Instead, the noncitizen can only be removed to a third country.  *Id.* at 531-32.

that, because respondents have not shown that there is a significant likelihood of removal in the reasonably foreseeable future, *Zadvydas v. Davis*, 533 U.S. 678 (2001), compelled her release.  Docket No. 16 at 6-12.  Respondents released petitioner from custody on November 20, 2025.  Docket No. 17.

On December 28, 2025, Ms. El Ahrach filed a motion for attorneys' fees, arguing she was entitled to such fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  Docket No. 20.  Ms. El Ahrach seeks $7,175.19 in attorneys' fees, and properly supported her request by declarations as required by Local Rule 54.3(a).  *Id.* at 9; Docket No. 20-2; Docket No. 20-3; Docket No. 20-4; *see also* D.C.COLO.LCivR 54.3(a).  On March 6, 2026, respondents filed a response, indicating that they do not oppose petitioner's motion for attorneys' fees and do not contest the reasonableness of the amount requested.  Docket No. 23.

## II.  ANALYSIS

"Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).

Ms. El Ahrach's habeas petition was granted, making her a prevailing party in this action.[4]  Moreover, in not opposing the motion, respondents implicitly concede that their position was not substantially justified and that no special circumstances make an award of fees unjust.  Thus, the Court will grant Ms. El Ahrach's unopposed motion for

---

[4] Pursuant to 28 U.S.C. § 2412(d)(2)(B), an individual's net worth cannot exceed $2,000,000 at the time the civil action was filed to qualify as a "party."  28 U.S.C. § 2412(d)(2)(B).  Ms. El Ahrach submitted a declaration confirming that her net worth has never exceeded $2,000,000,  Docket No. 20-1 at 2, ¶ 2.

attorneys' fees.  Moreover, after reviewing the declarations submitted by Ms. El Ahrach and her attorneys, the Court finds that $7,175.19 is a reasonable amount of attorneys' fees in this action, which respondents do not contest.  Docket No. 23 at 1.  In her declaration, Ms. El Ahrach requests that payment be made via a check mailed to her counsel or directly deposited into her counsel's bank account.  Docket No. 20-1 at 2, ¶¶ 4-6.

## III. CONCLUSION

Therefore, it is

**ORDERED** that Petitioner's Verified Motion for Attorneys' Fees and Incorporated Memorandum of Law [Docket No. 20] is **GRANTED**.  It is further

**ORDERED** that respondents shall pay attorneys' fees in the amount of $7,175.19 to Ms. El Ahrach's counsel.

DATED May 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge